UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

TERRAZAS DEL SOL CONDOMINIUM
ASSOCIATION, INC.,

       Plaintiff,

vs.

PACIFIC INSURANCE COMPANY,
LIMITED, a foreign corporation,

       Defendant.
_____/

### DEFENDANT, PACIFIC INSURANCE COMPANY, LIMITED'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, Pacific Insurance Company, Limited ("Pacific"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, presents this Notice of Removal of the above-captioned cause from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("Circuit Court") where the same is now pending under Case No. 10-56907CA25.

**I.   STATEMENT OF GROUNDS FOR REMOVAL**

1. On or about October 22, 2010, this action was filed against Pacific in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

2. Pacific's registered agent for service of process was served with the Verified Complaint on November 4, 2010.

3. The territory assigned to the United States District Court for the Southern District of Florida includes Miami-Dade County, Florida.

4. A certified copy of the State court file is attached hereto as Exhibit "1". Such documents constitute all process, pleadings and orders served to date.

5. Pacific is incorporated in the State of Connecticut and maintains its principal place of business in the State of Massachusetts. Pacific is thus a citizen of Connecticut and Massachusetts. See, 28 U.S.C. §1332(c)(1).

6. The Plaintiff is a resident of Florida and is a diverse citizen from Pacific.

7. It is alleged in the Verified Complaint that buildings and property located in Miami-Dade County, Florida sustained damage as a result of Hurricane Wilma and/or hurricane-related events that occurred on or around October 24, 2005.

8. In its Verified Complaint, the Plaintiff does not request damages in a specific amount, but instead, alleges damages "in an amount exceeding $15,000.00" to satisfy the jurisdictional requirements of the Circuit Court. A reasonable reading of the allegations of the Verified Complaint does not indicate that the amount in controversy will exceed $75,000.00.

9. CJW Associates received a final revised estimate from the Plaintiff's Public Adjuster, Richard Stein. This estimate sets forth a "Net Claim" amount of $1,307,841.69 ("Estimate"). This sum represents the Plaintiff's claim for insurance benefits under Pacific's policy for damage allegedly caused by Hurricane Wilma. A copy of said estimate is attached hereto as Exhibit "2". See also Certification of Tracy Mednick attached hereto as Exhibit "3".

10. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.§1332(a). The citizenship of the parties is completely diverse.

11.     The Estimate indicates that amount in controversy will exceed the sum of $75,000. (Exhibits 2; 3) As a result, this action is one that may be removed to this Court by Pacific pursuant to 28 U.S.C.§1441.

12.     This Notice of Removal is being filed within thirty (30) days after service of the Verified Complaint. Therefore this Notice is timely filed pursuant to 28 U.S.C.§1446(b).

13.     Hartford has not previously attempted to remove this action.

## II.  MEMORANDUM OF LAW

### A.  The United States District Court Has Jurisdiction Over This Matter

A state court action may be removed to a United States District Court where such District Court has jurisdiction. *See*, 28 U.S.C. §1441. In this case, original jurisdiction exists under 28 U.S.C.§1332, which provides that:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between —
>
> *   *   *   *
>
> (1)    citizens of different states [.]

Thus, Pacific must establish two things to invoke the jurisdiction of this Court: 1) that the amount in controversy exceeds $75,000; and 2) that the action is between citizens of different states (*i.e.*, complete diversity).

Section 1446(b) states the following:

**§1446. Procedure for removal**

*   *   *   *

> **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been served on the defendant, whichever period is shorter. . . .

28 U.S.C. §1446(b).

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." *Pate v. State Farm Mutual Automobile Insurance Company*, 2010 WL 3372195 (N.D.Fla. 2010). In the diversity context, federal courts have jurisdiction when the plaintiffs are completely diverse from the defendants and when the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The court determines the sufficiency of the amount-in-controversy at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Cohen v. Office Depot. Inc.*, 204 F.3d 1069 (11th Cir. 2000). When, as here, damages are not specified in the state court complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Pate* at *1.

"The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755. As such, "Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally

proper." *Id.* A district court may rely on its "judicial experience and common sense" to determine whether a claim satisfies the amount-in-controversy requirement. *Pate* at *1.

Here, the Estimate provided to Pacific's adjuster from the Plaintiff's Public Adjuster satisfies Pacific's burden of proof for removal.

### B. Pacific Has Complied With The Procedure For Removal

The general procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446(a). Section 1446(a) provides that any defendant desiring to remove a civil action from state court must file a notice of removal that contains:

> A short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

28 U.S.C. §1446(a).

Further, such notice of removal must be filed within thirty (30) days after service of the initial pleading. 28 U.S.C. §1446(b).

The legal and factual basis on which removal is sought is specifically set forth above. Accordingly, Pacific has complied with 28 U.S.C. §1446, which requires that a short plain statement of the grounds for removal accompany any notice of removal. This Notice of Removal is being filed on December 3, 2010, in strict compliance with the time limit set forth in 28 U.S.C.§ 1446.

Finally, Pacific has attached copies of all process, pleadings and other papers that, to its knowledge, have been filed with the Circuit Court to date as Exhibit "1" to this Notice.

## CONCLUSION

Pacific has satisfied the procedural requirements of governing removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Pacific submits that the removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court is proper.

WHEREFORE, Defendant, Pacific Insurance Company, Limited, respectfully requests that this action, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida, Miami Division.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

By:  /s/ Joseph R. Miele, Jr.
Joseph R. Miele, Jr.
Florida Bar No. 426636
One East Broward Boulevard, Suite 1010
Fort Lauderdale, Florida 33301
Phone: (954) 467-7900
Fax:    (954) 467-1024
E-mail: jmiele@hinshawlaw.com
Attorneys for Pacific Insurance
Company Limited

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2010, I electronically filed the foregoing **Notice of Removal and Incorporated Memorandum of Law** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and by U.S. Mail to the following: Scott A. Mager, Esq., 2300 East Oakland Park Blvd., Suite 206, Fort Lauderdale, FL  33306.

By:  /s/ Joseph R. Miele, Jr.
Joseph R. Miele, Jr.